948 F.2d 1283
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Doldridge HARRISON, a/k/a Mister, Defendant-Appellant.
 No. 91-5154.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 28, 1991.
Decided Nov. 13, 1991.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., District Judge. (CR-90-116)
 John E. Basilone, Moody, Strople & Kloeppel, Ltd., Portsmouth, Va., for appellant.
 William A. Kolibash, United States Attorney, Sam G. Nazzaro, Assistant United States Attorney, Wheeling, W. Va., for appellee.
 N.D.W.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, SPROUSE, Circuit Judge, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Doldrige Harrison pled guilty to aiding and abetting the distribution of cocaine (21 U.S.C. § 841(a) (1988)). He appeals the sentence imposed on the grounds that the district court departed upward to criminal history category VI without justification and failed to determine the accuracy of disputed information in the presentence report. We affirm.
 
 
 2
 The probation officer initially calculated Harrison's criminal history points at twelve and placed him in criminal history category IV.* The probation officer also recommended a departure upward to category VI because Harrison had a number of convictions for which no points were assigned under U.S.S.G. § 4A1.1. In the addendum to the presentence report, responding to Harrison's objection to an upward departure, the probation officer noted that an error had been made in the original report in that no points had been assigned for a 1984 petty larceny conviction because the sentence had been served concurrently with a sentence imposed for a 1982 breaking and entering conviction although the cases were not related. The addendum revised the original report by adding two criminal history points and recommending that with a total of fourteen points Harrison should be placed in category VI.
 
 
 3
 At the sentencing hearing on March 1, 1991, Harrison objected that the addendum revising the original presentence report had been a new presentence report and that Harrison had been deprived of his right to file written objections to it. The district court noted that the addendum had been prepared on January 25, 1991, that Harrison could have filed written objections to it, and that any objections Harrison wished to make would be heard. Harrison then objected to the recommended upward departure. He offered no evidence or argument as to why the 1982 breaking and entering and the 1984 petty larceny cases were related or why points should not be assigned for the 1984 conviction.
 
 
 4
 The district court found that two points were correctly assigned for the 1984 petty larceny conviction because it was unrelated to the 1982 breaking and entering conviction, and that a total of fourteen points put Harrison in category VI. Sentence was then imposed at the high end of the guideline range. There was no departure from the guideline range. Although Harrison asserts on appeal that he raised factual issues concerning the criminal history portion of the presentence report on which the district court failed to make determinations, the record does not reveal any factual issue raised by Harrison which was not resolved. Harrison had the burden of showing that information in the presentence report which he disputed was inaccurate or unreliable. United States v. Terry, 916 F.2d 157 (4th Cir.1990). However, he offered no reason why two points should not be assigned for the 1984 petty larceny conviction.
 
 
 5
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This appears to have been a typographical error. Twelve points would put a defendant in criminal history category V